## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | **Carol A. Doyle** | Case No. | 17 B 09308 |
|---|---|---|---|
| **DATE** | March 8, 2021 | **ADVERSARY NO.** | 19 A 00368 |
| **CASE TITLE** | Ronald R. Peterson, as Chapter 7 Trustee for Mack v. Synchrony Bank and Lowe's Companies Inc. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss the amended complaint is granted in part and denied in part. All claims against Lowe's are dismissed. The claim in Count 1 against Synchrony Bank for fraudulent transfer based on constructive fraud is dismissed with prejudice. The claim in Count 2 is not dismissed.

**[For further details see text below.]**

## STATEMENT

Ronald Peterson filed this adversary proceeding in his capacity as trustee of chapter 7 debtor Mack Industries, Ltd. ("Mack"). He sued Synchrony Bank and Lowe's Companies Inc. to recover transfers as fraudulent or preferential. After he filed an amended complaint, the defendants moved to dismiss all counts against Lowe's and the fraudulent transfers counts against Synchrony. For the reasons explained below, the motion is granted in part and denied in part. The motion is granted as to Lowe's. The motion is granted as to the claim for fraudulent transfer based on constructive fraud in Count 1 against Synchrony. The motion is denied as to the claim for fraudulent transfers based on actual fraud in Count 2 against Synchrony.

Case: 1:20-cv-05158 Document #: 3-1 Filed: 03/10/21 Page 2 of 3 PageID #:14

## STATEMENT

After the defendants filed their motion to dismiss but before they filed their reply brief, this court issued an opinion in *Peterson v. Capital One N.A. and Menard Inc. (In re Mack Industries, Ltd.)*, No. 19-ap-372, 2020 WL 6708874 (Bankr. N.D. Ill. Nov. 16, 2020). In *Capital One*, the court dismissed all claims against Menard, Inc., dismissed the fraudulent transfer claim based on constructive fraud against Capital One, but did not dismiss the fraudulent transfer claim based on actual fraud against Capital One. In their reply brief, the defendants point out that the amended complaint in this adversary proceeding is virtually identical to the amended complaint in *Capital One*. The only differences are the names of the defendants and the dates and amounts of specific transfers the trustee seeks to recover. They contend that the claims against Lowe's and the constructive fraud claim in Count 1 against Synchrony should be dismissed based on the reasoning in *Capital One*. They also seek dismissal of the claim based on actual fraud in Count 2, arguing that additional authority the court has not yet considered supports dismissal of that claim as well.

The defendants are correct that the amended complaints in this case and *Capital One* are virtually identical and the parties have raised essentially the same issues in the motions to dismiss. The court's analysis of the claims and the result here is the same as in *Capital One*, as discussed briefly below.

1. <u>Claims Against Lowe's</u>

The motion first seeks dismissal of all claims against Lowe's because the trustee has failed to allege that any transfers were made to Lowe's or to allege any other basis for recovering from Lowe's. The trustee lumped Lowe's into the defined term of "Synchrony" in the first sentence in the amended complaint and then failed to distinguish Lowe's from Synchrony in any way. All the transfers in the exhibits to the amended complaint are from Mack to Synchrony, not from Mack to Lowe's. No allegations in the amended complaint are specifically about Lowe's. The trustee's response to the motion to dismiss on this issue is virtually identical to his response to the same argument raised for dismissal of the claims against Menard Inc. in *Capital One*. Those arguments are rejected and the claims against Lowe's are dismissed for the reasons stated in *Capital One* at *10 for dismissing the claims against Menard Inc.

2. <u>Constructive Fraud Claim</u>

The motion next seeks dismissal of the fraudulent transfer claim in Count 1 based on constructive fraud. The defendants state that the trustee alleges that Synchrony provided credit to Mack that Mack repaid in all the transfers set out in the exhibits to the amended complaint. It contends that a debtor's repayment of its own debt cannot be constructively fraudulent because the reduction in debt is reasonably equivalent value as a matter of law. As explained in *Capital One*, the defendants are correct. *Id.* at *3-5. The trustee made the same arguments in response to the motion on this point that he made to Capital One's motion. Those arguments are rejected

STATEMENT

for the same reasons. This claim will be dismissed with prejudice because, as explained in *Capital One*, the premise of the trustee's claim is faulty. The issue cannot be fixed by pleading more detailed facts.

### 3. Actual Fraud Claim

The motion also seeks dismissal of the fraudulent transfer claim in Count 2 based on actual fraud. The defendants point to the weaknesses in the trustee's allegations. The court rejected similar arguments in *Capital One* and rejects Synchrony's arguments for the same reasons. *Id*. at *6-9. The court has considered the additional authority cited by the defendants in the reply brief but is not persuaded that dismissal of this claim is appropriate.

### 4. Affirmative Defense - For Value Good Faith

Finally, Synchrony argues that the amended complaint establishes it provided value in good faith to Mack, which is an affirmative defense to both fraudulent transfer claims under 11 U.S.C. § 548(c). As the court explained in *Capital One*, the amended complaint establishes that Synchrony provided "value" as a matter of law. The court will not conclude based solely on the allegations in the amended complaint, however, that Synchrony took the payments in good faith. This affirmative defense therefore does not provide a basis for dismissal of the fraudulent transfer claims.

### Conclusion

The motion to dismiss is granted in part and denied in part. All claims against Lowe's are dismissed. The claim in Count 1 against Synchrony for fraudulent transfer based on constructive fraud is dismissed with prejudice. The motion to dismiss is denied with respect to the claim in Count 2 for fraudulent transfer based on actual fraud.

Dated:   March 8, 2021

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge